IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANICE I. CATON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:08cv498-WC |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION**

Plaintiff Janice I. Caton applied for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*. Her application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claims. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #11);

Def.'s Consent to Jurisdiction (Doc. #10). Based on the Court's review of the record and the

briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential

evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  ADMINISTRATIVE PROCEEDINGS

Plaintiff was fifty-five years old at the time of the hearing before the ALJ. (Tr. 154). Plaintiff completed the sixth grade. (Tr. 154). Plaintiff's past relevant work experience included work as a security guard. (Tr. 19, 159).[5] Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of May 15, 2005 (Step 1). (Tr. 16). At Step 2, the ALJ found that Plaintiff suffers from the severe impairment of hypertension (Tr. 16). The ALJ then found that Plaintiff "does not have an impairment that meets or medically equals one of the listed impairments." (Step 3) (Tr. 17). Next, the ALJ found that Plaintiff retains the RFC to "perform medium work." (Tr. 17-19). Given this level of RFC, the ALJ determined that Plaintiff "is capable of performing her past relevant work as a security guard." (Step 4) (Tr. 19). Accordingly, the ALJ determined that Plaintiff is not disabled. (Tr. 19).

### IV.  PLAINTIFF'S CLAIMS

Plaintiff alleges two errors requiring reversal of the ALJ's decision:[6] (1) "the ALJ should have found Plaintiff to be disabled pursuant to the Medical Vocational Guidelines;" and (2) "the ALJ committed reversible error by finding hypertension to be Plaintiff's only

---

[5] Plaintiff also spent considerable time in the fifteen years preceding the hearing as a housekeeper at a hotel and as a stocker at a store. (Tr. 155-59).

[6] The following quotes are taken from the all-capped headers which introduce the two portions of the "Argument" section of Plaintiff's brief.

severe impairment." Pl.'s Brief in Support of Argument (Doc. #13) at 4, 5. The Court will address each of Plaintiff's claims in turn.

## V. DISCUSSION

### A. *The ALJ's finding of no disability without consultation of the Guidelines.*

Plaintiff contends that "the ALJ should have found [Plaintiff] disabled under 20 C.F.R. Part 404 Subpart P, Appendix 2, Rule 202.01" (the Guidelines), because of Plaintiff's age, "marginal" education, and purportedly "unskilled past work." Pl.'s Brief in Support of Argument (Doc. #13) at 4. Plaintiff also claims that the ALJ erred in finding her capable of doing medium work, which entails lifting fifty pounds occasionally, because she only weighs slightly over one hundred pounds. Defendant maintains that substantial evidence supports the ALJ's RFC determination and that, because the ALJ found that Plaintiff could return to her past relevant work, the ALJ was not required to apply the Medical Vocational Guidelines. Def.'s Memo. In Support of the Commissioner's Decision (Doc. #16) at 6-10.

Plaintiff's reliance on Rule 202.01 of the Medical Vocational Guidelines is misplaced. Because the ALJ determined that Plaintiff can perform her past relevant work,[7] as that term is defined in 20 C.F.R. § 404.1565(a), the ALJ was not required to consult the Medical Vocational Guidelines. This is apparent on the face of the Guidelines. *See* 20 C.F.R. pt. 404, subpt. B, App. 2, § 200.00(a) (stating that the Guidelines are to be applied "where an

---

[7] Plaintiff does not explicitly challenge the ALJ's finding that Plaintiff can perform the duties of a security guard, as Plaintiff described them at the hearing.

individual with a severe medically determinable physical or mental impairment(s) is not engaging in substantial gainful activity and the individual's impairment(s) prevents the performance of his or her vocationally relevant past work."). *See also* 20 C.F.R. § 404.1569. Accordingly, it was not error for the ALJ to fail to find Plaintiff disabled pursuant to Rule 202.01 of the Guidelines.

Plaintiff also challenges the ALJ's determination of her RFC. Plaintiff bears the burden of proving her entitlement to benefits. *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007) ("Even though Social Security courts are inquisitorial, not adversarial, in nature, claimants must establish that they are eligible for benefits."). This burden includes the obligation to establish her RFC. Other than her assertion about the purported incongruity that someone who weighs slightly more than a hundred pounds should be able to occasionally lift fifty pounds, Plaintiff does not offer any evidence to conflict with the ALJ's determination that she is capable of medium work. In contrast, the evidence of record supports such a finding. In particular, the ALJ relied upon the Physical RFC Assessment that was completed by a DDS physician and which found Plaintiff capable of lifting weight at thresholds consistent with medium work. (Tr. 131). Likewise, during a consultative examination, Dr. Jani found Plaintiff capable of lifting amounts greater than the medium work thresholds. (Tr. 115).[8] Given this evidence, and the lack of any probative

---

[8] While Dr. Jani's assessment that Plaintiff may occasionally lift one hundred pounds certainly strikes the Court as suspect, it is entirely plausible that it amounts to a scrivener's error and that Dr. Jani intended to describe Plaintiff's lifting capacities as twenty-five

evidence offered by Plaintiff, the ALJ's finding that Plaintiff is capable of performing medium work is supported by substantial evidence.

### B.     *The ALJ's finding that hypertension is Plaintiff's only severe impairment.*

Plaintiff claims the ALJ erred in failing to find her anxiety and gastroesophageal reflux disorder (GERD) severe impairments. As evidence that such impairments are severe, she claims that "Dr. Jani diagnosed her with anxiety" and that she was prescribed anti-anxiety medication by Dr. Mikul. Pl.'s Brief in Support of Argument (Doc. #13) at 5. Defendant maintains that Plaintiff failed to establish that either of the claimed impairments are severe.

Plaintiff bears the burden of proving than an impairment is severe. Furthermore, a provider's diagnosis or treatment of a claimed impairment does not render it severe. Instead, an impairment may be considered severe only if evidence establishes that the impairment "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c); *Edwards v. Heckler*, 736 F.2d 625, 629 (11th Cir. 1984). The evidence of record does not support Plaintiff's contention that her anxiety or GERD are severe impairments.

Plaintiff first asserts that her anxiety constitutes a severe impairment. However, Plaintiff points to no evidence in the record indicating that her anxiety imposes more than a

---

and fifty pounds rather than fifty and one hundred pounds, respectively. In any event, Plaintiff points to no objective evidence in the record that she is incapable of lifting weight at the capacities found by the ALJ.

minimal limitation on her ability to work. In finding that Plaintiff's anxiety is not severe, the ALJ relied upon the Psychiatric Review Technique Form completed by Dr. Rankart which opined that Plaintiff's anxiety disorder causes only mild limitation on her ability to work and is therefore not severe. (Tr. 116, 126). Dr. Rankart based his opinion on the available medical evidence and Plaintiff's report of her daily living activities (Tr. 64-68), which indicates that Plaintiff cares for herself on a day to day basis, has no problems getting along with others, socializes frequently, and "only gets nervous when she is around excessive noise and activity." (Tr. 128). The ALJ also considered it relevant that Plaintiff has no history of seeking treatment from mental health professionals for her anxiety. (Tr. 16). Given this evidence, and the lack of any objective medical evidence demonstrating that Plaintiff's anxiety causes more than minimal limitations on her ability to work, the ALJ's finding that Plaintiff's anxiety is not a severe impairment is supported by substantial evidence.

Plaintiff's claim that the ALJ erred in failing to find her GERD a severe impairment is also without merit. Plaintiff cites to no evidence in the record about the purportedly limiting effects of GERD on her ability to work. The only references to GERD in the medical records appear to predate the onset of disability date given by Plaintiff and, in any event, do not portend any limiting attributes of the impairment. Thus, the ALJ's finding that Plaintiff's GERD is not a severe impairment is supported by substantial evidence.

## VI.   CONCLUSION

The Court has carefully and independently reviewed the record and concludes the

decision of the Commissioner is AFFIRMED.  A separate judgment will issue.

DONE this 14th day of July, 2009.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE